MONTGOMERY ENGINEERING COMPANY ET AL., PROSE-CUTORS, v. CITY OF JERSEY CITY ET AL., DEFEND-ANTS.

Submitted October 16, 1945—Decided September 4, 1946.

Before Justices DONGES, HEHER and COLIE.

For the prosecutors, *Milton, McNulty & Augelli*.

For the defendants, *Charles A. Rooney*.

The opinion of the court was delivered by

DONGES, J. This writ brings up a decision of the Board of Adjustment in denying prosecutors' application for a variance from the provisions of the zoning ordinance of the City of Jersey City to permit the prosecutors to erect a new building adjoining their present business building and to be devoted as a warehouse in connection with the present building.

We are met *in limine* by the question whether the prosecutors sustained the burden of establishing before the Board of Adjustment, at the hearing held by that Board, that the application was fair and reasonable, and that the interests of the landowner, the conditions in the neighborhood, and the public good would be best served by the allowance of the variance. No proofs were taken before the Board. No witnesses were sworn and nothing appears in the record of the hearing except an informal discussion by the prosecutor Hecht and the architect of prosecutors as to what they desired, and of some of the adjacent landowners as to some of their reasons for objection. No testimony was submitted upon which a determination could be based, as required by law.

In *Shaiman* v. *Mayor, &c., of Newark*, 15 *N. J. Mis. R.* 437, it was said, "The exercise of authority thus clearly given cannot be set aside except upon adequate grounds, and of such grounds we find none either in procedure or in the final result. * * * Whether the board was right or wrong must depend upon what appeared before it." To the same effect is the holding in *Cook* v. *Board of Adjustment, Trenton*, 118 *N. J. L.* 372; *St. Mary's, &c., Church* v. *Board of Adjustment, New Brunswick*, 14 *N. J. Mis. R.* 288; *Schnell* v. *Township Committee of Ocean*, 120 *N. J. L.* 194; *Peterson* v. *Palisades Park*, 127 *Id.* 190, and cases cited.

In *Peterson* v. *Palisades Park, supra*, it was said, "Here, the landowner did not sustain the *onus* thus resting upon her. She adduced no evidence before the Board of Adjustment to establish her asserted right to a variation from the terms of

the ordinance; and there was therefore no jurisdiction in that tribunal to grant the relief thus sought. The depositions taken after the allowance of the writ herein do not serve prosecutrix in this behalf."

We conclude that there is no legal ground for interfering with the determination of the board, and the writ is accordingly dismissed.